# Bonds *v.* The State.

*Indictment for Violation of Local Prohibition Law.*

1. *Fees of solicitor in conviction for violation of local prohibiti:n law; how assessed.*—When a solicitor's fee is prescribed i:' a local prohibition act, that act must control, and not the general statute contained in the Code fixing the fees of solicitors for each conviction of a violation of law prohibiting the sale of spirituous, vinous or malt liquors. (Code, § 4561.)

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. JOHN PELHAM.

The facts of the case are sufficiently stated in the opinion.

SMITH & HERRING, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—The defendant was indicted, tried and convicted for a violation of the local prohibition act for St. Clair county.—Acts, 1894-95, p. 242. In taxing up the cost, the clerk taxed a solicitor's fee of $30. A motion was made to retax this item of cost, and to have it taxed at $10, upon the ground that the act under which the conviction was had fixed the solicitor's fee at that sum. From a denial of this motion this appeal is prosecuted.

Section 4 of the act provides: "That for every conviction under this act, there shall be taxed against the defendant as part of the costs a fee of ten dollars which when collected shall be paid to the credit of the solicitor's fund."

Confessedly the solicitor's fee is fixed at $10 by this section and it must govern unless there is some other provision of law which prevents its operation.

Section 4561 of the Code provides: "Solicitors are entitled to the following fees, to be taxed against the de-

[Williams v. The State.]

fendant, on conviction, etc.   *   *   *   For each conviction of a violation of sections 5076 (4036), 5081 (4040), 5082 (4041), 5083 (4042), or any law prohibiting the sale of spirituous, vinous or malt liquors, not herein otherwise provided for  .  .  .  $30."

The indictment upon which defendant was convicted charged a sale or giving away of spirituous, vinous or malt liquors. Clearly if his conviction was for the "giving away," this section of the Code has no application, and the fee was improperly taxed under it.

But aside from this, there is a field of operation for both. When a solicitor's fee is prescribed by the local prohibition act, that act must govern; but where no fee is prescribed and the party charged has been guilty of its violation by a sale, then the section of the Code quoted must govern; just as the provision of the Code "for each conviction of a misdemeanor, not otherwise provided for—$7.50 would control in taxing the amount of the solicitor's fee in case the local act, where there was a "giving away or otherwise disposing of" and no fee is fixed by the act.

The judgment denying the motion is reversed and a judgment will be rendered taxing the fee at $10.

Reversed and rendered.